UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WENDOLYN LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )  No. 21-2136-JDT-cgc |
| | ) |
| CHRIS CRAFT, ETAL., | ) |
| | ) |
| Defendants. | ) |

ORDER DENYING MOTION FOR RECUSAL

Wendolyn Lee, a prisoner acting *pro se*, filed a civil complaint in the Eastern District of Louisiana (ECF No. 1) which was subsequently transferred to this district, where venue is proper. (ECF No. 7.) On March 17, 2021, the Court dismissed the entire case for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and entered judgment. (ECF Nos. 11 & 12.)[1] On March 25, 2021, Lee filed a motion for the undersigned Judge to recuse himself from further proceedings in this matter. (ECF No. 13.) He filed what apparently is intended as a supplemental motion for recusal on April 1, 2021. (ECF No. 14.) Though this case has now been dismissed, the Court will address the motion.[2]

---

[1] The order of dismissal also assessed a third strike pursuant to 28 U.S.C. § 1915(g) and warned Lee that while he is incarcerated he will not be permitted to file any additional cases *in forma pauperis* unless he is in imminent danger of serious physical injury.

[2] The motion may have been mailed before Lee actually received the order of dismissal and judgment.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, § 455(a) provides that a judge shall be disqualified "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must be disqualified include:

> (1)   Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings;
>
> (2)   Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3)   Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case . . . ;
>
> (4)   He knows that he . . . has a financial interest in the subject matter in controversy;
>
> (5)   He or his spouse . . . :
>
>> (i)   Is a party to the proceeding . . . ;
>>
>> (ii)   Is acting as a lawyer in the proceeding;
>>
>> (iii)   Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>
>> (iv)   Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* § 455(b).

A judge must be recused if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Id.* (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). A judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. *Sammons*, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial.[1] *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *United States v. Story*, 716 F.2d 1088, 1096 (6th Cir. 1983). A judge is presumed to be impartial, and a party seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509 (6th Cir. 1994) (citing *Holt v. KMI Continental, Inc.*, 821 F. Supp. 846, 847 (D. Conn.1993)).

Lee's arguments for recusal are based primarily on his assumption that the rulings made in this case and in his other cases are erroneous, but that is not a basis for recusal. Lee also contends the statement that he is a "burden" to the Court shows bias and supports recusal. In *Lee v. Craft*, No. 20-2424-JDT-cgc, 2021 WL 918767 (W.D. Tenn. Mar. 10, 2021), the Court dismissed the case and denied leave to further amend. In denying leave to amend, the Court stated that Lee "has already had numerous opportunities to present his § 1983 claims to this Court in multiple cases.

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). *Liteky v. United States*, 510 U.S. 540, 554-55 (1994).

3

Lee's further variations of essentially the same issues filed again and again unfairly burden Defendants and this Court." *Id.* at *7. However, that statement was based exclusively on Lee's filings in his cases and not on any personal bias on the part of the undersigned; therefore, the statement also is not a basis for recusal.

Lee further asserts the undersigned has a conflict of interest:

> For the Movant believe its [sic] a conflict of interest where Judge Chris Craft stated that he knew a federal Judge at the western district court who was his friend and this Movant after reading one of Judge Todd's ruling Craft states he knew Todd and their friends.

(ECF No. 13 at PageID 21.)  This assertion is not at all clear, but it appears Lee is contending Defendant Craft stated either that he knows the undersigned and "their friends" or that he knows the undersigned and "they're friends."

Regardless of what Defendant Craft may or may not have said, the undersigned Judge affirmatively states he has never met or spoken to Judge Craft.[3]  The only knowledge he has of Judge Craft is that gained from filings in various cases in this Court and other public sources.

Because Lee has identified no valid reason why the undersigned should recuse himself in this case, the motion for recusal is DENIED.

IT IS SO ORDERED.

s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE

---

[3] It is highly unlikely Defendant Craft would have falsely claimed to be a friend of the undersigned.  If Craft mentioned the undersigned at all, it is much more likely that Lee misunderstood the statement.